KNOWLES FREEMAN & another *vs.* CHARLES A. GRIGGS.

Suffolk. March 13. — 17, 1884. DEVENS & COLBURN, JJ., absent.

G., who was in the employ of a firm, signed the following agreement: "I hereby agree to stand and pay to" the firm "one half the loss over and above ten dollars on all bills trusted by me since above date." The consideration of the agreement was the continuance of his employment at a certain weekly salary. On the same day, but after the agreement was signed, the members of the firm filed a petition in bankruptcy, and were duly adjudicated bankrupts and received their discharge; and they carried on business as copartners after their bankruptcy under the same name. After the filing of the petition in bankruptcy, and while in the employ of the firm, G. sold its goods upon credit to certain persons, the amount of which sales became a loss to the firm. *Held,* that the firm could maintain an action against G. upon the agreement.

CONTRACT. The case was referred to an auditor, who found the following facts :

On October 17, 1876, the defendant, who was in the employ of the plaintiffs as a salesman, signed an agreement as follows: "In consideration of one dollar, I hereby agree to stand and pay to Knowles Freeman & Co. one half the loss over and above ten

dollars on all bills trusted by me since above date. Value received." The consideration of said agreement was the continuance of his employment at the then existing salary or wages, namely, $18 per week. Thereafter the defendant sold the goods of the plaintiffs, and, while in the employ of the plaintiffs, sold upon credit to certain persons or firms certain of said goods, the amounts of which remain unpaid. The total of said losses is $646.94, and one half the loss over and above $10 on all bills sold on credit by the defendant, since October 17, is $174.78. Reasonable efforts have been made by the plaintiffs to collect said bills, and the defendant had notice that sums were due from the persons so trusted, and that said sums were unpaid, and he had opportunity and means to collect said sums, if the same were collectible.

On said October 17, the plaintiffs, at three o'clock in the afternoon, filed a petition in bankruptcy under the bankrupt law of the United States then in force; and the agreement hereinbefore set forth was signed on the morning of said day, but none of the goods were sold by the plaintiffs, and none of the losses occurred, until after that day.

The auditor also found that, at the date of the plaintiffs' writ, the defendant owed them the sum of $174.78.

At the trial in the Superior Court, before Staples, J., without a jury, it was agreed that the plaintiffs were duly adjudicated bankrupts, under the petition mentioned in the auditor's report, and that they afterwards received their discharge from the District Court of the United States for the District of Massachusetts, in which the proceedings in bankruptcy were instituted; that, previously to said bankruptcy, the plaintiffs were copartners, carrying on business under the firm name of Knowles Freeman and Company; and that they carried on business as copartners after their bankruptcy under the same name.

The defendant requested the judge to rule as follows: "1. The bankruptcy of the plaintiffs dissolved the copartnership of Knowles Freeman and Company, and all their rights and interest then existing under the contract declared on were transferred to their assignees in bankruptcy. 2. To render the defendant liable to the plaintiffs upon the contract declared on, the

plaintiffs must prove the forming of a new copartnership after their bankruptcy, and that the contract declared on was made after their bankruptcy, and after the forming of a new copartnership."

The judge refused to rule as requested; and found and ordered judgment for the plaintiffs. The defendant alleged exceptions.

*T. E. Grover & J. J. Feely*, for the defendant.

*H. J. Boardman & S. H. Tyng*, for the plaintiffs.

BY THE COURT. The evidence clearly shows that the plaintiffs formed a new copartnership after they filed their petition in bankruptcy; and that the defendant continued in the service of the new firm under the agreement of October 17, 1876, signed by him. The rulings requested by the defendant were immaterial, and misleading. *Exceptions overruled.*